# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ROBBIE DOTSON,

    Plaintiff,

v.

DISH NETWORK, L.L.C.,

    Defendant.

No. 2:19-cv-21

## ORDER

Before the Court are Defendant Dish Network, L.L.C.'s Motion to Dismiss, dkt. no. 6, and Motion for Oral Argument, dkt. no. 15, and Plaintiff Robbie Dotson's Motion to Amend his Complaint, dkt. no. 19. These motions have been fully briefed and are ripe for review. For the reasons set forth below, Plaintiff's Motion to Amend is **GRANTED**. Defendant's Motions are **DENIED AS MOOT**.

## BACKGROUND

On December 31, 2018, Plaintiff filed a Complaint in the Magistrate Court of Glynn County seeking damages for alleged violations of the Telephone Consumer Protection Act in an amount not less than $14,800, punitive damages, and attorney's fees. Dkt. No. 1-1. The Complaint—a two-page document with five paragraphs—states that Defendant "violated the Plaintiff's rights under the Telephone Consumer Protection Act on multiple occasions." Id.

¶ 2. The Complaint continues by alleging that Defendant "failed and refused to cease calls to him, which therefore indicates that Defendant has willfully violated the law and the rights of the Plaintiff." Id. ¶ 3. These two sentences encompass the entire extent of Plaintiff's allegations in the Complaint.

On February 13, 2019, Defendant filed a notice of removal to this Court. Dkt. No. 1. Following the removal of the case, the clerk's office mailed notice of the removal to Plaintiff's counsel, which included a notification that **"PLAINTIFF'S COUNSEL INTENDING TO APPEAR IN THE REFERENCED MATTER MUST ENTER A NOTICE OF APPEARANCE OR A MOTION FOR ADMISSION PRO HAC VICE NO LATER THAN TEN (10) DAYS AFTER THE ISSUANCE OF THIS NOTICE."** Dkt. No. 2. On February 18, 2019, Defendant filed a Motion to Dismiss arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Dkt. No. 6. On February 27, 2019, the clerk sent a notice of filing deficiency to Plaintiff's counsel, W. Douglas Adams, for failure to enter a notice of appearance in the case within ten days of the notice of removal. Dkt. No. 13. A week later, on March 6, 2019, W. Douglas Adams filed a notice of appearance on behalf of Plaintiff. Dkt. No. 14. Over three weeks after that, on March 29, 2019, Defendant filed a Motion for Oral Argument requesting oral argument because "no response to DISH's Motion appears in the record, and the Complaint does not suggest any grounds upon which Plaintiff would challenge DISH's Motion."

AO 72A
(Rev. 8/82)

Dkt. No. 15. On April 2, 2019, Defendant indicated to the Court in an Amended Certificate of Service that "[o]n March 29, 2019, counsel for Plaintiff informed attorneys for Defendant that he had not received the [Motion to Dismiss] (Doc. No. 6) through the CM/ECF system." Dkt. No. 16. Counsel for Defendant then certified that as of that day, he sent a copy of the motion to Plaintiff's counsel via mail. Id.

On April 12, 2019, over a month after the deadline to respond had passed, Plaintiff filed a response to Defendant's Motion to Dismiss, dkt. no. 18, and a Motion to Amend his Complaint, dkt. no. 19. However, Plaintiff gave no explanation for his failure to timely enter a notice of appearance or respond to Defendant's Motion to Dismiss.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to

AO 72A
(Rev. 8/82)

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

### I. Timeliness

This is not Plaintiff's counsel's first failure to meet deadlines. See Smith v. Roundtree, 2:15-cv-4, Dkt. 27 at 3-4 (July 28, 2015) ("The Court notes that far too often in his cases before this Court, Plaintiff's counsel has failed to timely serve the

AO 72A
(Rev. 8/82)

complaint and requested additional time for service." (citing Motions, Smith v. Roundtree, 2:15-cv-4, ECF Nos. 6, 16 (S.D. Ga.); Motions, Lewis v. City of Brunwsick, 2:14-cv-122, ECF No's 5, 8, 13, 17 (S.D. Ga); Motions, Jackson v. Glynn County, 2:14-cv-42, ECF Nos. 4, 7 (S.D. Ga.); Motion, Cummings v. Douberly, 2:13-cv-59, ECF No. 5 (S.D. Ga.); Motions, Mitchell v. City of Nahunta, 5:13-cv-12 ECF Nos. 5, 7, 10 (S.D. Ga.); Orders, Alday v. Groover, 2:12-cv-108, ECF Nos. 19, 21 (S.D. Ga.); Order, Cupp v. United States, 5:12-cv-5, ECF No. 5 (S.D. Ga.)). Therefore, although the Court grants Plaintiff's motion to amend in this case, Plaintiff's counsel is on notice that such leeway will not be granted for future failures to meet deadlines in this case, absent some legitimate extenuating circumstance.

## II. Motion to Amend

Turning to Plaintiff's Motion to Amend, despite Plaintiff's counsel's timeliness issues, the Court finds that Plaintiff's Motion should be granted. "Federal Rule of Civil Procedure 15(a) provides that a party 'may amend its pleading once as a matter of course' either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion." Lord v. Amercan Gen. Life Ins. Co. of Deleware, No. 4:17-CV-167, 2019 WL 1244725, at *9 (S.D. Ga. Mar. 18, 2019). "Once this time has passed, a party 'may amend its pleading only with the opposing party's written consent or the court's leave,' which

AO 72A
(Rev. 8/82)

courts 'should freely give . . . when justice so requires.'" Id. (quoting Fed. R. Civ. P. 15(a)(2)). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182, (1962)).

"While leave to amend is generally freely given, it is by no means guaranteed." Lord, 2019 WL 1244725, at *9. Courts should not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d at 1108-09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). Whether to grant leave is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

In this case, the deadline for Plaintiff to amend his Complaint as a matter of course passed on March 11, 2019. Thus,

Plaintiff can only amend his Complaint with Defendant's consent—which it has not given—or with the Court's leave. Despite Plaintiff's counsel's missed deadlines, under the very liberal standard for granting leave to amend in this Circuit, the Court finds that none of the factors warranting a denial of a motion to amend apply in this case.

First, while Plaintiff's counsel's failure to timely respond in this case has no doubt caused delay, the Court finds that such delay did not constitute "undue delay, bad faith," or a "dilatory motive" and did not involve "repeated failure to cure deficiencies" in previously allowed amendments. In re Engle Cases, 767 F.3d at 1108-09. In other words, under the liberal standard for granting leave to amend, Plaintiff's counsel's timeliness problems in this case, while problematic as explained above, do not rise to the level of undue delay warranting a denial of Plaintiff's motion.

Second, allowing amendment in this case would not cause undue prejudice to Defendant. While it is true that Defendant has spent time and effort in submitting a motion to dismiss and other filings over the past two months, this case is still early in its proceedings. For instance, this is not a situation where Plaintiff is asking for leave to amend after discovery has been completed and the case has reached the summary judgment stage when considerable time and money has already been spent. As such, because of the early stage of this case, Defendant would not be

AO 72A
(Rev. 8/82)

unduly prejudiced by the Court allowing Plaintiff to amend his Complaint.

Finally, allowing Plaintiff to amend his Complaint would not be futile. Attached to Plaintiff's Motion to Amend is Plaintiff's proposed Amended Complaint. Dkt. No. 19 at 5. While the Amended Complaint is still quite short, it adds enough factual allegations to plausibly support Plaintiff's claims under the TCPA. Unlike the original Complaint, the Amended Complaint identifies the specific provision of the TCPA under which Plaintiff is suing Defendant—47 U.S.C. § 227(b)(1)(A)(iii). This provision of the TCPA makes it a violation of the Act for "any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1). To state a claim under § 227(b)(1) a plaintiff must allege facts that plausibly support that "(1) the defendant called a cellular phone, (2) using an automated telephone dialing system or prerecorded message or artificial voice, (3) without the recipient's prior consent." Coleman v. Rite Aid of Georgia, Inc., 284 F. Supp. 3d 1343, 1345 (N.D. Ga. 2018).

Plaintiff's initial Complaint failed to allege facts supporting any of the three requirements to state a claim under

AO 72A
(Rev. 8/82)

§ 227(b)(1), but the proposed Amended Complaint does establish each of those three requirements. The proposed Amended Complaint alleges that "Defendant and its agents made repeated telephone calls to the Plaintiff's cellular telephone from automatic telephone dialing devices or equipment." Dkt. No. 19 at 5. This statement establishes the first two requirements of a claim under § 227(b)(1). Next, the proposed Amended Complaint alleges that Plaintiff "made demand upon the Defendant" to stop making calls to his cellular telephone but Defendant continued to do so. Dkt. No. 19 at 5. This statement establishes the final requirement for a claim under § 227(b)(1). While these statements are the extent of Plaintiff's allegations in the proposed Amended Complaint, if true, they establish the minimum requirements of a claim under § 227(b)(1). As such, allowing Plaintiff to amend his Complaint to include the facts alleged in the proposed Amended Complaint would not be futile as it would allow Plaintiff to cure the deficiencies in his initial Complaint. Therefore, the Court finds no substantial reason to deny Plaintiff leave to amend his Complaint.

## CONCLUSION

For these reasons, Plaintiff's Motion to Amend, dkt. no. 19, is due to be **GRANTED**. Because the Court grants Plaintiff's Motion to Amend, Defendant's Motion to Dismiss the initial Complaint,

dkt. no. 6, and the Motion for Oral Argument, dkt. no. 15, are **DENIED AS MOOT**.

**SO ORDERED**, this 30th day of April, 2019.

_/s/ Lisa Godbey Wood_
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)