# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court
By casbell at 4:27 pm, Jul 31, 2019

ROBBIE DOTSON,

    Plaintiff,

v.

DISH NETWORK, L.L.C.,

    Defendant.

No. 2:19-cv-21

## ORDER

Before the Court is Plaintiff Robbie Dotson's Motion for Default Judgment. Dkt. No. 40. This Motion has been fully briefed and is ripe for review. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On December 31, 2018, Plaintiff filed a Complaint in the Magistrate Court of Glynn County seeking damages for alleged violations of the Telephone Consumer Protection Act in an amount not less than $14,800, punitive damages, and attorney's fees. Dkt. No. 1-1. On February 13, 2019, Defendant filed a notice of removal to this Court. Dkt. No. 1.

Following the removal of the case, the clerk's office mailed notice of the removal to Plaintiff's counsel, which included a notification that **"PLAINTIFF'S COUNSEL INTENDING TO APPEAR IN THE**

**REFERENCED MATTER MUST ENTER A NOTICE OF APPEARANCE OR A MOTION FOR ADMISSION PRO HAC VICE NO LATER THAN TEN (10) DAYS AFTER THE ISSUANCE OF THIS NOTICE."** Dkt. No. 2. On February 18, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. No. 6. On February 27, 2019, the clerk sent a notice of filing deficiency to Plaintiff's counsel, for failure to enter a notice of appearance in the case within ten days of the notice of removal. Dkt. No. 13. A week later, on March 6, 2019, the attorney filed a notice of appearance on behalf of Plaintiff. Dkt. No. 14. Over three weeks after that, on March 29, 2019, Defendant filed a Motion for Oral Argument requesting oral argument because "no response to DISH's Motion appears in the record, and the Complaint does not suggest any grounds upon which Plaintiff would challenge DISH's Motion." Dkt. No. 15. On April 2, 2019, Defendant indicated to the Court in an Amended Certificate of Service that "[o]n March 29, 2019, counsel for Plaintiff informed attorneys for Defendant that he had not received the [Motion to Dismiss] (Doc. No. 6) through the CM/ECF system." Dkt. No. 16. Counsel for Defendant then certified that as of that day, he sent a copy of the motion to Plaintiff's counsel via mail. Id.

On April 12, 2019, over a month after the deadline to respond had passed, Plaintiff filed a response to Defendant's Motion to Dismiss, dkt. no. 18, and a Motion to Amend his Complaint, dkt. no. 19. However, Plaintiff gave no explanation for his failure to

timely enter a notice of appearance or respond to Defendant's Motion to Dismiss.

Despite Plaintiff's timeliness problems, the Court nonetheless gave Plaintiff leave to amend his complaint, dkt. nos. 1-1, 24, and on May 14, 2019, the Magistrate Judge ordered the clerk to docket Plaintiff's Amended Complaint, dkt. no. 25. In response to Plaintiff filing his Amended Complaint, Defendant filed a Partial Motion to Dismiss, dkt. no. 29, on May 20, 2019, requesting that Plaintiff's prayer for attorney's fees be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29. The Court denied Defendant's Partial Motion to Dismiss on June 25, 2019. Dkt. No. 38.

Two days later on June 27, 2019, Plaintiff filed a Motion for Default Judgment, dkt. no. 40, arguing that Defendant failed to timely file an answer to Plaintiff's Amended Complaint because its Partial Motion to Dismiss, dkt. no. 29, did not toll the time to file a responsive pleading in accordance with Federal Rule of Civil Procedure 12.

## DISCUSSION

I. **Timeliness**

As an initial matter, the Court notes the irony in Plaintiff's attempt to win a default judgment based on a timeliness argument. As noted in this Court's prior Order, dkt. no 22 at 4-5, Plaintiff's counsel has repeatedly had difficulties in meeting

filing deadlines. See Smith v. Roundtree, 2:15-cv-4, Dkt. 27 at 3-4 (July 28, 2015) (collecting cases). Moreover, after Plaintiff's counsel failed to timely appear in this case and also failed to file a timely response to Defendant's Motion to Dismiss, the Court nonetheless gave Plaintiff leave to amend his complaint. Now, Plaintiff jumps the gun and seeks not an entry of default (a prerequisite to a default judgment) but a default judgment itself on the basis that Defendant failed to timely answer Plaintiff's Amended Complaint. Although, as explained below, Plaintiff's default judgment argument is procedurally improper and without merit, even if it were proper and had merit, based on Plaintiff's failure to meet deadlines in this case, the Court, in its discretion, would deny Plaintiff's motion for default judgment. See C & M Inv. Grp., Ltd. v. Campbell, 448 F. App'x 902, 906 (11th Cir. 2011) ("The entry of a default judgment is committed to the discretion of the district court." (quoting Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985)); see also King v. Marcy, No. 2:17-CV-112, 2019 WL 691782, at *8 (S.D. Ga. Feb. 19, 2019) (finding that the plaintiff's motion for default judgment to be "in vain" and that the plaintiff's arguments supporting default judgment carried "patent irony" where the plaintiff's counsel, had "brazenly disregarded" the Federal Rules of Civil Procedure and the court's orders without making "any effort to show . . . good cause" for the deficiencies.)

AO 72A
(Rev. 8/82)

## II. Improper Procedure

Additionally, Plaintiff's Motion for Default Judgment fails to follow the proper procedure required by Federal Rule of Civil Procedure 55. Rule 55 allows a party to seek an entry of default and, subsequently, a default judgment against another party who has failed to plead or otherwise defend a lawsuit. See Fed. R. Civ. P. 55(a). Securing a default judgment is thus a two-step process. "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." Gladden v. Homewood Florist, Inc., No. 2:09-CV-01547-HGD, 2011 WL 13286008, at *1 (N.D. Ala. July 6, 2011)(alteration in original)(citations omitted); see also Bank of Am., N.A. v. Harris, No. 1:17-CV-1201-CAP-JSA, 2017 WL 8186606, at *3 (N.D. Ga. Nov. 30, 2017), report and recommendation adopted, No. 1:17-CV-1201-CAP, 2017 WL 8186601 (N.D. Ga. Dec. 20, 2017) (describing the "two-step procedure for obtaining a default judgment"). "The law is clear that these are separate steps that cannot be combined into one." Gladden, 2011 WL 13286008, at *1. In other words, Rule 55 "requires that an entry of default precede an entry of default judgment." N. Augusta Mgmt. Grp., LLC v. Sw. Golf Grp., Inc., No. CV 110-061, 2011 WL

AO 72A
(Rev. 8/82)

3273536, at *3 (S.D. Ga. July 8, 2011), <u>report and recommendation adopted</u>, No. CV 110-061, 2011 WL 3269321 (S.D. Ga. July 29, 2011); <u>see also</u> <u>Sun v. United States</u>, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (describing obtaining an entry of default as "a prerequisite to a default judgment").

Here, Plaintiff filed what he titled "Plaintiff's Motion for Default or for a Default Judgment" asking for "the entry of Default by the Clerk, or alternatively, a Judgment of Default as to the liability of the Defendant because of the failure of the Defendant to file a timely answer." Dkt. No. 40. As explained above, the clerk's entry of default and a default judgment are two separate requirements "that cannot be combined into one." <u>Gladden</u>, 2011 WL 13286008, at *1. Until the clerk has entered a clerk's entry of default, Plaintiff cannot file a motion for default judgment, but here, Plaintiff attempts to circumvent this procedure by filing both requests simultaneously. Thus, Plaintiff's Motion is procedurally improper and is due to be **DENIED**.

### III. Merits

Finally, even aside from Plaintiff's own timeliness problems and the improper procedure of Plaintiff's Motion, Plaintiff's Motion for Default Judgment fails on the merits because Defendant's have not violated the pleading deadlines required by Federal Rule of Civil Procedure 12. Rule 12(a)(1) requires that in general, "[u]nless another time is specified by this rule or a federal

6

AO 72A
(Rev. 8/82)

statute . . . a defendant must serve an answer . . . within 21 days after being served with the summons and complaint." But, Rule 12(a)(4) explains that "serving a motion under this rule alters these periods . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Finally, where a plaintiff amends a complaint, the defendant has 14 days after service of the amended pleading to respond. Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

Here, Plaintiff argues that under Rule 12(a)(4), Defendant was required to serve its Answer within fourteen days of the denial of its first Motion to Dismiss, dkt. no. 6, which was denied on April 30, 2019. However, Plaintiff's Amended Complaint, dkt. no. 25, did not become the operative complaint until May 14, 2019, when it was docketed subsequent to the Court's prior Order on April 30, 2019.[1] Thus, Defendant had fourteen days from May 14, 2019, to answer the Amended Complaint or to file a motion to dismiss. Defendant filed such a motion six days later on May 20, 2019. Dkt.

---

[1] Defendant also notes that Plaintiff failed to serve Defendant with the Amended Complaint, but either way, the Amended Complaint become operative on May 14, 2019, and Defendant would have received notice through the electronic filing system of the Amended Complaint on that date.

AO 72A
(Rev. 8/82)

No. 29. This motion tolled the deadline to file an answer to Plaintiff's Amended Complaint until the Court denied it on June 25, 2019. Dkt. No. 38. Upon that denial, Defendant had fourteen days to respond to Plaintiff's Amended Complaint. See Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

Plaintiff argues that Defendant's second Motion to Dismiss did not toll the deadline to respond because it "did not move for dismissal of the entire complaint . . . but instead only sought dismissal of Plaintiff's request for attorney's fees arising under O.C.G.A. § 9-15-11." Dkt. No. 40. However, the majority of courts considering this issue have held that a party need not file an answer to a complaint while a partial motion to dismiss is pending. See Beaulieu v. Bd. of Trustees of Univ. of W. Fla., No. 3:07cv30/RV/EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) ("The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending."); Jacques v. First Liberty Ins. Corp., No. 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) (same); Cuyler v. Kroger Co., No. 1:14-CV-1287-WBH-AJB, 2014 WL 12547267, at *6 (N.D. Ga. Oct. 3, 2014), report and recommendation approved, No. 1:14-CV-1287-RWS, 2015 WL 12621041

AO 72A
(Rev. 8/82)

(N.D. Ga. Jan. 8, 2015) ("[B]ecause a partial motion to dismiss has been pending in this matter, it has been unnecessary for Defendant to answer the unchallenged claims."); Gray v. Nationstar Mortg., LLC, No. 1:14-CV-0431-WBH, 2014 WL 12139086, at *2 (N.D. Ga. Aug. 4, 2014) ("This Court agrees with the substantial case law that stands for the proposition that when a defendant files a Rule 12(b)(6) motion to dismiss, addressing only some of the claims contained in the plaintiffs complaint, the defendant is not required to file an answer until the court rules on the motion to dismiss."); Wright & Miller, Service of Responsive Pleadings—Time for Serving and Filing, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) ("It is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading. Although some federal courts considering this issue have refused to apply Rule 12(a)'s enlargement of time provision in this context, the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). Therefore, agreeing with the weight of persuasive authority on this issue, the Court concludes that Defendant's Partial Motion to Dismiss, dkt. no. 29, tolled the deadline for Defendant to answer Plaintiff's Amended Complaint. As such,

AO 72A
(Rev. 8/82)

Defendant's Answer, dkt. no. 39, filed on June 27, 2019—two days after this Court's Order denying Defendant's Partial Motion to Dismiss—is timely. Plaintiff's Motion for Default Judgment is due to be **DENIED**.

## CONCLUSION

For these reasons, Plaintiff's Motion for Default Judgment, dkt. no. 40, is **DENIED**.

**SO ORDERED**, this 31st day of July, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA